UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT CARRILLO,<br><br>    Plaintiff,<br><br>    v.<br><br>MONTEREY MECHANICAL CO.,<br><br>    Defendant. | Case No. 24-cv-09202-LJC<br><br>**ORDER REGARDING DECLINATION OF CONSENT TO MAGISTRATE JUDGE**<br><br>Re: Dkt. No. 34 |

Both parties to this case previously "voluntarily **consent[ed]** to have a United States magistrate judge conduct all further proceedings in this case" pursuant to 28 U.S.C. § 636(c). ECF Nos. 12, 16.[1] This Court therefore resolved (and denied) Plaintiff's motion to remand, ECF No. 29, and held a case management conference where the Court set a schedule for a motion to dismiss or to compel arbitration, ECF No. 30, which Defendant has now filed, ECF No. 32.

On July 24, 2025, Plaintiff filed an additional consent-or-declination form checking the opposite box from his first form. ECF No. 34. Plaintiff now purports to "**decline** to have a magistrate judge conduct all further proceedings in this case," and "request[s] that this case be reassigned to a United States district judge." *Id.*

"The court may, for good cause shown on its own motion, or under extraordinary circumstances shown by any party, vacate a reference of a civil matter to a magistrate judge [for all purposes]." 28 U.S.C. § 636(c)(4); *see also* Fed. R. Civ. P. 73(b)(3). If Plaintiff wishes to withdraw his consent, he therefore must file a motion establishing extraordinary circumstances under § 636(c)(4) to do so. "[O]nly a district judge may rule on a motion to withdraw consent to

---

[1] "A district judge or magistrate judge may be informed of a party's response to the clerk's notice [regarding consent under § 636(c)] only if all parties have consented to the referral." Fed. R. Civ. P. 73(b)(1). Here, all parties consented, and this Court has therefore been informed of their responses—including Plaintiffs' present declination, which was filed after all parties consented.

the jurisdiction of a magistrate judge under section 636(c)(4)." *Branch v. Umphenour*, 936 F.3d 994, 1003 (9th Cir. 2019). This Court would therefore refer such a motion, if it is filed, to the general duty judge for resolution.

In the absence of such a motion, however, the Court disregards Plaintiff's recent declination. Plaintiff's previous consent (along with Defendant's consent) was sufficient to establish this Court's jurisdiction under § 636(c), and such jurisdiction cannot be withdrawn unilaterally by a party to the case who has previously consented to it.[2]

**IT IS SO ORDERED.**

Dated: July 24, 2025

LISA J. CISNEROS
United States Magistrate Judge

---

[2] In an abundance of caution and to dispel any potential speculation of bias, the Court makes clear that it does not and will not fault Plaintiff for apparently having changed his mind. Parties may have any number of reasons for deciding whether to consent to a magistrate judge for a particular case.

2